THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ENROUTE SYSTEMS CORP., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES, LTD., foreign corporations,<br><br>　　　　　　Defendants. | Case No. _____<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

## COMPLAINT

This is a declaratory judgment action brought under 28 U.S.C. §§ 2201 and 2202 by Plaintiff Enroute Systems Corporation ("Enroute") against Defendants ArrivalStar S.A. ("ArrivalStar") and Melvino Technologies, Limited (collectively referred to as "Defendants"), seeking a declaration that Enroute has not violated any U.S. patent rights held by Defendants.

## PARTIES

1.　Enroute is a Delaware corporation with a principal place of business at 2821 Northup Way, Suite 275, Bellevue, Washington 98004.

2.　Enroute designs and develops innovative shipment management software solutions for businesses.

COMPLAINT FOR DECLARATORY JUDGMENT– 1
Case No. _____

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/120924/179696/KTTC/7238664.1

3. Upon information and belief, Defendant ArrivalStar S.A. is a corporation organized under the laws of Luxembourg and having offices at 67 Rue Michel, Welter L-2730, Luxembourg.

4. Upon information and belief, Defendant Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Island of Tortola, having a principal place of business at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

5. Upon information and belief, Defendants do not manufacture or sell any products and are in the business of licensing patent rights.

## JURISDICTION AND VENUE

6. This is an action for the resolution of an existing conflict under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57. An actual and justiciable controversy exists concerning the rights of and legal relationship between Enroute and Defendants.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a) because the underlying causes of action arise under the patent laws of the United States.

8. This Court has personal jurisdiction over Defendants pursuant on at least the following grounds:

    a. Defendants have purposefully availed themselves of the benefits and protections of this State's laws;

    b. Defendants have filed patent litigation suits in this District (e.g., Case No. 2:2006-cv-01030 and Case No. 2:2010-cv-01249), therefore, reasonably anticipating being haled into court in this District;

    c. Defendants have purposefully directed their activities at Enroute and this State, and Enroute's claims arise out of and are directly related to Defendants'

COMPLAINT FOR DECLARATORY JUDGMENT– 2
Case No. _____

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/120924/179696/KTTC/7238664.1

activities; and

    d.  This Court's assertion of personal jurisdiction over Defendants upholds traditional notions of fair play and substantial justice.

9. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391.

## THE ARRIVALSTAR PATENTS

10. Defendants claim to be the owners, by assignment, of U.S. Patent No. 6,904,359 (Jun. 7, 2005); U.S. Patent No. 6,486,801 (Nov. 26, 2002); U.S. Patent No. 6,714,859 (Mar. 30, 2004); U.S. Patent No. 6,317,060 (Nov. 13, 2001); U.S. Patent No. 6,748,320 (Jun. 8, 2004); U.S. Patent No. 6,952,645 (Oct. 4, 2005); U.S. Patent No. 7,030,781 (Apr. 18, 2006); and U.S. Patent No. 7,400,970 (Jul. 15, 2008) (collectively referred to as "the ArrivalStar Patents"). Generally, the ArrivalStar Patents relate to vehicle tracking and status messaging systems.

11. On information and belief, Defendants have asserted one or more of the ArrivalStar Patents against various parties in over seventy-five separate patent litigation suits.

12. On information and belief, Defendants do not manufacture or sell any products that embody the teachings of the ArrivalStar Patents.

13. On information and belief, Defendants are solely in the business of using the threat of litigation to negotiate licensing agreements with alleged patent infringers.

## COMMUNICATIONS BETWEEN DEFENDANTS AND ENROUTE

14. On December 20, 2010, Defendants, through counsel, sent a letter (the "December 20th Letter", attached hereto as Exhibit A) addressed to Enroute's CEO, Keith McCall, which was received at Enroute's principal business address in Bellevue, WA. In this letter, Defendants claimed ownership of the ArrivalStar Patents, alleged that Enroute's ShipIt! Analytics and Portal software infringes the ArrivalStar Patents, and proposed "to offer Enroute a license to continue practicing the inventions claimed in the ArrivalStar

COMPLAINT FOR DECLARATORY JUDGMENT– 3
Case No. _____

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/120924/179696/KTTC/7238664.1

Patents under highly favorable terms." Counsel for Defendants set a deadline of January 15, 2010 for Enroute's response. If Enroute did not meet this deadline, Defendants' counsel stated, "[our] Canadian lawyers representing the Canadian patents will proceed after its own infringement . . . and we will proceed accordingly here in the United States."

15.   On February 14, 2011, counsel for Enroute responded to Defendants' December 20th Letter (the "February 14th Response", attached hereto as Exhibit B), stating that none of the ArrivalStar Patents apply to Enroute's business or intended business. Enroute's counsel requested that ArrivalStar identify specific claims that it claims apply to Enroute's business and explain why the claims allegedly infringe.

16.   On March 4, 2011, counsel for Defendants responded by letter to Enroute's February 14th Response (attached hereto as Exhibit C). In the letter, Defendants' counsel declined to identify any specific claims that are allegedly infringed by Enroute. Instead, Defendants' counsel urged Enroute to "reconsider the benefits of accepting the license we propose" and to investigate the "more than 75 lawsuits [ArrivalStar has] filed as [ArrivalStar is] no stranger to all levels of enforcing their patents." Without a counter offer from Enroute before March 15, 2011, Defendants' counsel threatened to "proceed in the formal arena."

17.   Enroute does not operate vehicles nor does it coordinate the routing of vehicles. None of Enroute's products, including the ShipIt! Analytics and Portal software, practice every limitation of any claim of the ArrivalStar Patents.

18.   On information and belief, Defendants have never inspected any of Enroute's products, including the ShipIt! Software. A pre-threat investigation would have revealed to Defendants that Enroute's ShipIt! Software does not infringe the ArrivalStar Patents.

19.   On information and belief, Defendants have failed to properly investigate and to allege infringement of the ArrivalStar Patents, and are attempting to force Enroute into an unnecessary and onerous license agreement that would wrongfully and maliciously interfere with Enroute's business.

COMPLAINT FOR DECLARATORY JUDGMENT– 4
Case No. _____

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/120924/179696/KTTC/7238664.1

20. Enroute has not violated any of Defendants' purported rights in the ArrivalStar Patents or otherwise and is not liable to Defendants for patent infringement or any other federal, state, or common law cause of action, in law or in equity.

**COUNT I (Declaratory Judgment of Noninfringement)**

21. Enroute incorporates by reference paragraphs 1 through 20, as though fully set forth herein.

22. Defendants allege that Enroute's ShipIt! Analytics and Portal software infringes one or more of the ArrivalStar Patents. Enroute maintains that it has not and does not directly, indirectly, contributorily and/or by inducement infringe any valid and enforceable claim of any of the ArrivalStar patents, either literally or under the doctrine of equivalents.

23. An actual and substantial controversy exists between Defendants and Enroute regarding the non-infringement of the ArrivalStar Patents.

24. Enroute is entitled to declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of any of the ArrivalStar Patents.

**PRAYER FOR RELIEF**

WHEREFORE, Enroute prays for:

1. A declaration that Enroute has not infringed, and is not infringing, any valid and enforceable claim of any of the ArrivalStar Patents, either directly or indirectly, literally or under the doctrine of equivalents, and that Enroute has neither contributed to, nor induced infringement thereof by another;

2. A permanent injunction enjoining Defendants, and its members, officers, employees, agents, affiliates, and assignees from asserting that Enroute infringes any of the specified ArrivalStar Patents;

3. An award of Enroute's costs, attorneys' fees, and expenses pursuant to 35 U.S.C. § 285; and

COMPLAINT FOR DECLARATORY JUDGMENT– 5
Case No. _____

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/120924/179696/KTTC/7238664.1

4.   Such other and further relief as the Court deems just and proper.

Dated this 15th day of March, 2011.

           SCHWABE, WILLIAMSON & WYATT, P.C.

           By: *s/ Johnathan E. Mansfield*
               Johnathan E. Mansfield, WSBA#27779
               jmansfield@schwabe.com
               Devon Zastrow Newman, WSBA#36462
               dnewman@schwabe.com
               Facsimile: 503.796.2900

               Trial Attorney:  Johnathan E. Mansfield

               Attorneys for Enroute Systems Corporation

COMPLAINT FOR DECLARATORY JUDGMENT– 6
Case No. _____

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/120924/179696/KTTC/7238664.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

CERTIFICATE OF SERVICE - 1
10-cv-01240-RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/120924/179696/KTTC/7238664.1