UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ENROUTE SYSTEMS CORP.,           )
                                 )
                    Plaintiff,   )    No. C11-0451RSL
           v.                    )
                                 )    ORDER DENYING MOTION TO
                                 )    EXTEND TIME TO SERVE
ARRIVALSTAR S.A., *et al.*,      )    INFRINGEMENT CONTENTIONS
                                 )
                    Defendants.  )
_____)

This matter comes before the Court on "Defendant ArrivalStar S.A.'s Motion for Relief from Deadline." Dkt. # 23. Defendant requests an extension of the deadline for stating its preliminary infringement contentions. Defendant argues that an extension is appropriate because (a) the Court's scheduling order allowed ArrivalStar only fourteen days, including holidays, in which to prepare and serve its preliminary contentions, (b) plaintiff misled ArrivalStar into believing that the case management deadlines were on hold while the parties explored settlement, and (c) denying an extension would severely prejudice ArrivalStar by precluding consideration of its claims on the merits.

Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown . . . ." Dkt. # 22 at 2. None of the arguments raised by ArrivalStar establishes good cause for the requested extension.

ORDER DENYING MOTION TO EXTEND TIME
TO SERVE INFRINGEMENT CONTENTIONS

The Court's case management order was issued on December 21, 2011, and required the filing of preliminary infringement contentions on or before January 4, 2012. A two week period in which to set forth infringement contentions is standard in this district and should not have come as a surprise to ArrivalStar or its counsel. A similar period is provided by default in Local Patent Rule 120 in order "to streamline the pre-trail and claim construction process, and generally to reduce the cost of patent litigation." Local Patent Rule 101. Courts in this district expect that a party asserting a claim of patent infringement has, at the time of filing, information sufficient to support the claim and is therefore prepared to state its infringement contentions early in the litigation. If, as ArrivalStar weakly suggests in its motion, the intervening holidays made compliance with the January 4th deadline difficult, ArrivalStar should have filed a timely motion to extend and set forth the circumstances that established "good cause." No such motion was filed, and there is no indication that counsel was unavailable during the relevant period.

Nor did Enroute Systems trick ArrivalStar into non-compliance with the Court's order. The documents submitted in support of ArrivalStar's motion for relief from deadline do not support an inference that Enroute Systems acted in bad faith, attempted to fool ArrivalStar, or otherwise agreed to put this litigation "on hold." A week after the Court issued its case management order, ArrivalStar contacted Enroute Systems to see if it was interested in resolving the litigation quickly. ArrivalStar recounted the history of the dispute and sweetened a settlement proposal that had been made in December 2010.[1] Opposing counsel did not respond until January 3, 2012, at which point he simply noted that he was hoping to meet with his client later in the week and would get back to ArrivalStar later. Enroute Systems did not suggest that settlement was likely or indicate that the litigation deadlines would be held in abeyance. The infringement contentions were due the next day and yet ArrivalStar made no attempt to negotiate

---

[1] Although ArrivalStar asserts that this communication was in response to a request from Enroute, there is no evidence to support such an assertion and there is no indication that the alleged request was in any way misleading.

ORDER DENYING MOTION TO EXTEND TIME
TO SERVE INFRINGEMENT CONTENTIONS   -2-

a stipulated extension of the deadline or to seek relief from the Court. If, as ArrivalStar states in its memorandum, it believed the litigation was "on hold," that belief was not reasonable given the nature of the communications, the pending case management deadlines, and the explicit requirement for judicial consent in both the Federal Rules of Civil Procedure and the case management order.

Finally, ArrivalStar argues that an extension is appropriate because, without one, its infringement contentions may not be heard on the merits and ArrivalStar's litigation position will be prejudiced. The Court has a strong preference for resolving matters on their merits. However, a review of the governing rules and case law make clear that parties in federal court are not free to ignore the deadlines established in a case management order. Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedure. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the new rule, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown). Prejudice to the moving party, standing alone, does not supply the necessary "good cause." Johnson, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . If that party was [sic] not diligent, the inquiry should end.") (emphasis added).

ORDER DENYING MOTION TO EXTEND TIME
TO SERVE INFRINGEMENT CONTENTIONS     -3-

In <u>Johnson</u>, plaintiff sought an extension of time in which to add as a party the actual owner of the ski resort at which plaintiff was injured. The incorrectly-named party moved for summary judgment after the joinder cut-off date had passed. The district court granted the dispositive motion and declined to allow plaintiff to amend his complaint. The Ninth Circuit reviewed the discovery record and found that the named defendant had not hidden relevant facts or attempted to mislead plaintiff regarding the real parties in interest.

> The burden was upon [plaintiff] to prosecute his case properly. He cannot blame [the named defendant] for his failure to do so. The simple fact is that his attorneys filed pleadings and conducted discovery but failed to pay attention to the responses they received. That is precisely the kind of case management that Rule 16 is designed to eliminate. It is one of the reasons that the district courts have been forced to assume the burdens of case management themselves.

<u>Id.</u> at 610. In the absence of reasonable diligence in complying with the case management deadlines, plaintiff could not establish good cause for the requested modification. The fact that plaintiff lost his claim (<u>i.e.</u>, suffered substantial legal prejudice) was not a substitute for the necessary good cause. Applying the analysis in <u>Johnson</u> to this case means that, having failed to show that it acted with reasonable diligence, ArrivalStar's potential inability to pursue its claim of infringement does not establish good cause for the requested extension.

There is no question that this is a harsh result for defendant. However, the policy judgments that prompted the adoption of Rule 16(b) serve the larger interests of judicial efficiency and economy, not just the interests of individual litigants. In addition, there is a clear trend among appellate courts to focus the Rule 16(b)(4) analysis on the movant's diligence, rather than competing claims of prejudice. See <u>Oravec v. Sunny Isles Luxury Ventures, L.C.</u>, 527 F.3d 1218, 1232 (11th Cir. 2008) (the "good cause" standard "precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension."); <u>O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.</u>, 467 F.3d 1355, 1367-68 (Fed. Cir. 2006) (because the movant had not acted diligently in seeking an extension of the infringement contention deadline, there was "no need to consider the question of prejudice to the

ORDER DENYING MOTION TO EXTEND TIME
TO SERVE INFRINGEMENT CONTENTIONS        -4-

non-movant"); Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006) ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."); O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir. 2004) ("Indifference by the moving party seals off this avenue of relief irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause.") (internal quotation marks and alterations omitted); Zivkovic, 302 F.3d at 1087 ("If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.") (internal quotation marks omitted); Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2nd Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party."). But see Leary v. Daeschner, 349 F.3d 888, 906-09 (6th Cir. 2003) (considering both the moving party's diligence and prejudice to the opposing party when evaluating a motion to extend a case management deadline). Where diligence, and therefore good cause, have not been shown, the district court runs the risk of reversal should it ignore the requirements of Rule 16(b). See Sherman v. Winco Fireworks, Inc., 532 F.3d 709 (8th Cir. 2008) (reversing jury verdict in favor of defendant on newly-added preemption defense where amendment was not justified by good cause).

For all of the foregoing reasons, the Court finds that ArrivalStar has not shown good cause for failing to meet the infringement contention deadline. Its motion for an extension of that deadline is therefore DENIED pursuant to Fed. R. Civ. P. 16(b).

Dated this 28th day of March, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge