UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ENROUTE SYSTEMS CORP.,              )
                                    )
            Plaintiff,              )   No. C11-0451RSL
                                    )
       v.                           )   ORDER GRANTING MOTION FOR
                                    )   SUMMARY JUDGMENT AND
ARRIVALSTAR S.A., *et al.*,         )   DISMISSING COUNTERCLAIMS
                                    )
            Defendants.             )
_____ )

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment and Dismissal with Prejudice." Dkt. # 28. Having reviewed the memoranda submitted by the parties and the remainder of the record,[1] the Court finds as follows:

On March 28, 2012, the Court denied defendants' motion for an extension of the deadline for stating their preliminary infringement contentions. Both parties agree that defendants are no longer able to prove that Enroute Systems Corporation infringed the six patents at issue in the counterclaims.[2] Defendants' counterclaims are therefore DISMISSED with prejudice.

---

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is, therefore, DENIED.

[2] Defendants asserted that plaintiff infringed United States Patent No. 6,952,645, United States Patent No. 6,748,320, United States Patent No. 7,030,781, United States Patent No. 6,317,060, United States Patent No. 6,411,891, and United States Patent No. 7,400,970.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT AND
DISMISSING COUNTERCLAIMS

Plaintiff also seeks a declaration that it has not infringed any of the claims of the patents identified in the complaint, namely United States Patent No. 6,904,359, United States Patent No. 6,486,801, United States Patent No. 6,714,859, United States Patent No. 6,317,060, United States Patent No. 6,748,320, United States Patent No. 6,952,645, United States Patent No. 7,030,781, and United States Patent No. 7,400,970.  Plaintiff argues that defendants' failure to file infringement contentions effectively precludes the assertion of any defense to plaintiff's request for declaratory judgment of non-infringement.  Dkt. # 28 at 1-2.  Defendants concede that they can no longer show infringement of these patents, but argue that the declaratory relief should be limited to those products or versions of products that were made and sold as of June 9, 2011, the day on which defendants asserted their counterclaims.

Defendants make no attempt to explain the import of that particular date.  Plaintiff filed a complaint seeking a declaration that none of its existing products infringed any of the eight identified patents.  Defendant pursued infringement claims as to five of those patents plus the '891 patent, effectively conceding that the other three patents were not infringed.  See Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc., 347 F.3d 935, 938 (Fed. Cir. 2003) ("[A] claim for a declaration of noninfringement makes a counterclaim for patent infringement compulsory.").  In its motion for summary judgment, plaintiff met its burden of showing that there is no genuine issue of fact precluding the requested declaratory relief.  Defendants have not shown that the requested relief should be temporally constrained simply because they filed counterclaims that are now wholly unsupported.  The Court therefore declares that, as of the date of this order, plaintiff "has not infringed, and is not infringing, any valid and enforceable claim" of the eight patents identified in the complaint.  The Court offers no opinion regarding the infringement status of any new product plaintiff may make or offer for sale after entry of this order.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT AND
DISMISSING COUNTERCLAIMS                -2-

For all of the foregoing reasons, plaintiff's motion for summary judgment is GRANTED. Defendants' counterclaims are DISMISSED with prejudice. As of the date of this order, plaintiff has not infringed, and is not infringing, any valid and enforceable claim of the eight patents identified in the complaint. The Clerk of Court is directed to enter judgment in favor of plaintiff and against defendants.

Dated this 14th day of June, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge